[Cite as *Wooldridge v. Ohio Dept. of Transp.*, 2010-Ohio-6543.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

AMY WOOLDRIDGE

> Plaintiff

> v.

OHIO DEPARTMENT OF TRANSPORTATION

> Defendant

> Case No. 2009-09311-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Amy Woolridge, filed this action against defendant, Department of Transportation (ODOT), contending her 2009 Toyota Camry LE was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition and in failing to advise motorists of the condition in a construction area on US Route 127 in Hamilton County. Plaintiff noted the front bumper on her car was scratched when traveling over a dip in the roadway presumedly created by construction activity. Plaintiff located the dip in the roadway at the intersection of Waycross Road and Hamilton Avenue (US Route 127). Plaintiff recalled her damage incident occurred on November 12, 2009 at approximately 5:45 p.m. According to plaintiff, "[n]o signs are listed posting a dip in the road, only a sign stating 'Grooved Pavement.'" In her complaint, plaintiff requested damages in the amount of $594.48, the total cost to repair the bumper on her vehicle. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a working construction project under the control of ODOT contractor, Prus Construction Company (Prus). Defendant explained

the particular project "dealt with widening Hamilton Avenue (US 127) from Waycross to eastbound I-275 on US 127 in Hamilton County. Defendant located plaintiff's damage incident at milepost 14.18 on US Route 127, "which is the beginning of this project in Hamilton County." Defendant asserted Prus, by contractual agreement was responsible for any roadway damage occurrences or mishaps within the construction zone. Therefore, defendant argued Prus is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden. Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in

roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Prus had any knowledge of any problems with the roadway contour at the intersection of Waycross Road and Hamilton Avenue. Defendant advised ODOT "records indicate that no complaints were received at the Hamilton County Garage for US 127 having a dip in the road prior to Plaintiff Woolridge's incident." Defendant related no calls or complaints regarding roadway conditions were registered despite the fact "that this portion of US 127 has an average daily traffic volume between 23,850 and 24,700." Defendant argued plaintiff failed to produce evidence to establish her property damage was attributable to any conduct on either the part of ODOT or Prus. Defendant contended plaintiff did not offer sufficient evidence to prove her damage was caused by negligent roadway maintenance.

{¶ 6} Defendant submitted a copy of correspondence from Prus Vice President, Paul Long, addressing roadway conditions at the intersection of Waycross Road and Hamilton Avenue, as well as plaintiff's damage claim. Long wrote the damage to plaintiff's "car apparently occurred when her vehicle crossed the asphalt wedge" constructed at the intersection location. Long noted: [t]his wedge was installed to facilitate traffic movement from the new pavement at Waycross onto the existing pavement lanes on Hamilton Avenue. The wedge was installed correctly as detailed in the project plan documents and as discussed with ODOT personnel." Long specifically denied the installed wedge created an unsafe roadway condition and reported "thousands of motorists cross this wedge daily" without damage or mishap. Long suggested plaintiff's damage incident may have been caused by traveling at an unsafe speed for roadway conditions. It should be pointed out plaintiff, in her complaint, denied "driving excessively fast" and asserted she was traveling "at a reasonable speed" at the time of her damage occurrence.

{¶ 7} Defendant provided copies of e-mails from ODOT Resident Engineer, Dennis Stemler and ODOT Project Engineer, Darshan Singh, detailing specifics about the wedge installed a the intersection of Waycross Road and Hamilton Avenue. Stemler advised that the project plans "detail a 12 foot wedge by 100 feet across." Singh wrote the particular wedge installed "is put in wider and longer than specified in plans to better accommodate traffic." Singh expressed the written opinion that the "[t]raveling public do need to exercise caution driving through the work zone."

{¶ 8} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the incident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor prior to November 12, 2009. Plaintiff has not submitted evidence to show that the wedged roadway surface was particular dangerous for the motorists traveling through the area.

{¶ 9} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 10} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171

N.E. 327.  Evidence available tends to point out the roadway was maintained property under ODOT specifications.  Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.  See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 11} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public.  *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.  In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects.  See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d at 729, 588 N.E. 2d 864.  In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition.  See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.  Evidence has shown that the repavement project complied with ODOT specifications.  Plaintiff has not provided evidence to prove that the roadway area was particular defective or hazardous to motorists.  *Reed v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615.  Plaintiff has failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or reconstruct the roadway repavement procedure considering plaintiff's incident appears to be the sole incident at this area.  See *Koon v. Hoskins* (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp., Dist. 4,* Ct. of Cl. No. 2006-01050-AD, 2006-Ohio-7168.

Court of Claims of Ohio

AMY WOOLRIDGE

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2009-09311-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

                                  _____
                                  DANIEL R. BORCHERT
                                  Deputy Clerk

Entry cc:

Amy Woolridge
10808 Invicta Court
Cincinnati, Ohio  45231

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
8/16
Filed 9/20/10
Sent to S.C. reporter 12/29/10